**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OUTDOOR MEDIA GROUP, INC., a California Corporation; CHANCE OUTDOOR, LLC, a California Limited Liability Company, <br><br>        Plaintiffs - Appellants, <br><br>   v. <br><br> CITY OF BEAUMONT, a California Charter City, <br><br>        Defendant - Appellee. | No. 10-56081 <br><br> D.C. No. 5:03-cv-01461-RT-OP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Argued and Submitted November 18, 2011
Pasadena, California

Before:    W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS, Senior District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Richard Mills, Senior District Judge for the Central District of Illinois, sitting by designation.

Outdoor Media Group, Inc. and Chance Outdoor, LLC appeal the district court's grant of summary judgment to the City of Beaumont and its denial of their summary judgement motion. The district court held that appellants lacked standing to assert a claim for section 1983 damages under the First Amendment. On previous appeal to this court, we affirmed the district court's dismissal as moot of appellants' claims for injunctive and declaratory relief. We noted that the City of Beaumont had passed a new sign ordinance addressing potential constitutional infirmities in the old ordinance. *Outdoor Media Group v. City of Beaumont*, 506 F.3d 895, 902 (9th Cir. 2007). On remand, the appellants only remaining claim was that the City's old ordinance had unconstitutionally preferenced certain commercial speech over certain noncommercial speech. *Id.* We have jurisdiction to review under 28 U.S.C. § 1291. We affirm the district court's decision.

We review *de novo* whether a party has standing to bring an action. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152 (9th Cir. 2000). We also review the district court's grant of summary judgment *de novo*. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005); *United States v. Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' . . .; (2) the injury is fairly traceable to the

2

challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-181 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Appellants have established Article III standing to pursue their section 1983 claim. Appellants allege that as a result of the City's unconstitutional denial of their billboard permit application, they suffered a financial loss that could be compensated by monetary damages. Such a financial injury is sufficient to establish constitutional standing. *See Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) ("Although the financial impact of a[] . . . regulation upon a plaintiff has only limited value in determining whether the regulation actually violates the First Amendment, that impact is relevant and sufficient to satisfy Article III's injury-in-fact requirement." (citations omitted)).

However, we hold that appellants are unable to assert the First Amendment rights of the third parties who might have wanted to place non-commercial advertisements on the billboards. At the time the City of Beaumont denied appellants' permit applications, appellants had already sold any expressive interest in the content of those billboards to Lamar Central Outdoor, Inc. ("Lamar"). The sales contract between appellants and Lamar makes clear that appellants would

3

have had no right to place non-commercial advertisements on the proposed billboards even if the City of Beaumont had granted the permits. While it is possible Lamar's advertisers may have had an interest in placing non-commercial messages on these proposed billboards, appellants have made no showing that they should be allowed to assert the rights of those advertisers. *See Craig v. Boren,* 429 U.S. 190, 192-97 (1976). Nor does the First Amendment's overbreadth doctrine support a claim for monetary damages. *Outdoor Media Group v. City of Beaumont*, 506 F.3d 895, 902 (9th Cir. 2007).

**AFFIRMED**.